JOHN GRAPES and ELLEN GRAPES, Appellants v. THOMAS
B. GRAPES and MONTICELLO BANK.

**Incumbrance:** HOW CREATED. A person who takes title to property as security for a loan made to one of its owners and executes to

the other owner a note showing her interest in the premises, thereby creates an incumbrance upon the property.

**Cancellation:** FRAUDULENT CONVEYANCE: *Defenses.* One to whom real property was conveyed in fraud of creditors cannot in an action for reconveyance avail himself of such fraud where he claims the property under an alleged purchase made after the original transactions were closed.

**Costs:** APPORTIONMENT: *Review.* A person deeded land to another as security, and the grantee deeded the land to a bank as security for a debt of his own. The grantor asked an accounting and a reconveyance against the grantee and the bank. Plaintiff's deed was found to be intended as security for a certain sum found due thereon, and the grantee was decreed a lien for the amount thereof, which judgment was to inure in favor of the bank as its interest might appear, and both deeds were decreed to be cancelled, and it was ordered that the lien of the bank should be inferior to the lien of the officers and others entitled to costs, except the costs to which plaintiff and members of his family were entitled. *Held,* that it was, in effect, an apportionment of costs, which would not be disturbed.

SAME. The cost of making an abstract of evidence for use in the trial court, in accordance with the provisions of section, 5, of the rules of the district court, is not an item taxable as costs.

ATTORNEY FEE: *Deposition.* Plaintiff is not entitled to have the expenses of his counsel incured in attending at three different places in the state to take the deposition of a witness in an equity cause, before it was finally secured, taxed as costs. If recoverable at all, it must be in an independent suit.

**Appeal.** An appellant cannot complain of any matter which affects the appellee alone.

*Appeal from Woodbury District Court.*—HON. A. VAN WAGENEN, Judge.

THURSDAY, OCTOBER 13, 1898.

SUIT in equity for an accounting and for a re-conveyance of land, the title to which is in the defendant Thomas B. Grapes, or the Monticello Bank. Defendants say that the conveyance to Thomas B. Grapes was absolute, and that plaintiffs have no interest in the lands. Defendants further plead that the deed under which Thomas Grapes claims was delivered to him in the first instance as security for money

advanced, and that he afterwards acquired title by agreement between the parties. They ask that the title be quieted in them and for general relief. The trial court found that the deed to Thomas B. Grapes was intended as security; that there was due him the sum of five hundred and fifty dollars; that the Monticello Bank held title to the lands as security for an indebtedness due it by Grapes; and decreed that defendant Thomas B. Grapes have judgment for the amount found due, which should be a lien upon the land, and that the conveyances to defendant Grapes and by him to the Monticello Bank be canceled; that a note executed by defendant Grapes to plaintiff Ellen Grapes be canceled, and that the judgment in favor of Thomas B. Grapes should inure to the benefit of the Monticello Bank, as its interest may appear. Both parties appeal, but, as plaintiffs have denominated themselves appellants, they will be so called in this court.— *Affirmed.*

*J. S. Lothrop* for appellants.

*Thos. A. Cheshire* for appellees.

DEEMER, C. J.—Plaintiffs entered into a contract for the purchase of the lands in controversy with one Ashby. A deed for the same was executed to Thomas B. Grapes, who was to hold the title as security for money advanced to plaintiffs. In January of the year 1891 defendant Grapes executed and delivered to John Grapes a deed for the land in dispute. This deed was never recorded, and thereafter it was handed back to defendant Thomas B. Grapes, who at the same time executed to Ellen Grapes a note for eight hundred dollars. Thereafter defendant destroyed this deed, which had been re-delivered to him, and the legal title then stood in the name of Thomas B. Grapes. Thereafter defendant Grapes executed a deed to the Monticello Bank for the real estate so held by him, which was intended as security for a loan made of the bank. Plaintiffs have held possession

of the land ever since they made the contract of purchase with Ashby. The controversy is over the nature of these respective conveyances. Defendants say in argument that the reason why the title to the land was taken in the name of Thomas B. Grapes in the first instance was to hinder, delay, and defraud plaintiff's creditors in the collection of their claims; while, on the other hand, plaintiffs contend that defendant Grapes, who is the brother of plaintiff John Grapes, took title as security for money advanced and to be advanced by him to his brother John. While there is some evidence tending to show that the conveyance to Thomas Grapes was a cover to conceal the real ownership of the property, yet we are constrained to believe that it was made for the purpose of security, as alleged by plaintiffs; and as defendant Thomas Grapes re-conveyed the land to his brother, and is now insisting upon retaining the title because of an alleged purchase after the original transactions were closed, he is not in condition to avail himself of the fraud.

Again, it is said that when the deed was re-delivered to defendant Grapes, and when he executed the eight hundred dollar note to Ellen Grapes, he purchased all of plaintiffs' rights in and to the land, and that the re-delivery of the deed operated as a conveyance of the land to him. This raises an issue of fact which lies at the foundation of the case. An examination of the record leads us to believe that the re-delivery of the deed was not intended to operate as an absolute conveyance of the land, but was intended as a means by which defendant Grapes might be secured for the indebtedness then owing him by John Grapes. The eight hundred dollar note was executed for the purpose of showing the interest that Ellen Grapes had in the land,—she having furnished a part of the consideration,—and was not given as a part of the purchase price. That an incumbrance may be so created seems to be well settled. *Blaney v. Hanks,* 14 Iowa, 400; Jones Real Property, section 1259.

As the deed was re-delivered for security, the question yet remains as to the state of the account between these parties. Each presents a long account against the other, and there is much dispute in the evidence regarding the several items. We need not set out the claims of the respective parties. It is sufficient to say that our examination leads to the conclusion that the account as stated by the trial court is as nearly correct as may be expected under the circumstances. Absolute precision cannot be expected in settling long accounts, every item of which is practically in dispute. Our figures are very close to those made by the trial court, and we are content to approve the conclusion reached.

Complaint is made by appellants of the decree in favor of the bank. As this is a matter affecting the appellees alone, we are not required to consider the point further. The trial court ordered the costs taxed against defendant Thomas B. Grapes, and decreed that the lien of the bank "should be inferior to the lien of the officers and others entitled to costs, except the costs which John Grapes and the members of his family are entitled to draw." While this order is peculiar, it is, in effect, an apportionment of the costs, which we do not see fit to disturb.

II. Appellants ask us to sustain a motion to tax as costs certain expenses of counsel incurred in taking depositions. It is claimed that defendants gave notice of taking the deposition of a witness at three different places in the state before it was finally secured by them, and that plaintiff and his attorney were compelled to attend and unnecessarily expend a large amount of money. We know of no authority for taxing such expenses as costs. If recoverable at all, it must be in an independent suit. Appellants also asked the trial court to tax the sum of sixty-five dollars and seventy cents for making an abstract of the evidence for use in the trial court, according to the provisions of section 5 of the rules adopted by the district judges of the state. See McClain's Code, page lviii. of preface. The motion was overruled. In this there was no error. The statute does not

authorize the taxing of such items.  The several motions submitted with the case are each and all overruled.  Our examination of the record leads us to the conclusion that the decree is right, and it is AFFIRMED.